IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL A. TITUS, | No. 4:21-CV-00780 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PA DEP'T OF CORRECTIONS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JUNE 10, 2021

## I.  BACKGROUND

Mitchell A. Titus, an inmate confined in the State Correctional Institution, Dallas, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are the Pennsylvania Department of Corrections and the Dallas State Correctional Institution ("SCI-Dallas").[2] Plaintiff complains that due to his mental health issues he cannot shower with others.[3] Along with the filing of the complaint, Plaintiff filed an application to proceed *in forma pauperis*.[4] Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained therein and the Clerk will be ordered to file the complaint.

---

[1] Doc. 1.
[2] *Id*.
[3] *Id*.
[4] Doc. 2.

At this time, this Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the Complaint will be dismissed as legally frivolous.

## II.  FACTUAL ALLEGATIONS

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff alleges that he is "forced daily to use gang showers to clean [himself]" and was "forced to transfer to a facility that cannot assist [his] mental health needs by forcing [him to shower illegally."[5] Additionally, Plaintiff claims that he is "forced to be housed in a cell that is significantly smaller (9ft. x 5ft.) than the ACA minimum size" and that being "placed in a cell this small increases [his] mental health issues tremendously."[6] He further alleges that he is "forced to be housed in a facility that has not been properly maintained", does not have cameras and "where mental health issues are ignored or [Plaintiff] is told to 'get over it', with no biweekly therapy."[7]

On April 29, 2021, Plaintiff filed the instant complaint, requesting the court to "remove [Plaintiff] from the PA DOC and house [him] in either the federal

---

[5] Doc. 1 at 4.
[6] *Id*.
[7] *Id*.

facility in Lewistown or the federal 'Halfway House' in Harrisburg or York Pennsylvania."[8]  No other relief is requested.

### III.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*,[9] seeks redress against a governmental employee or entity,[10] or brings a claim with respect to prison conditions.[11]  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'."[12]  To survive *sua sponte* screening for failure to state a claim,[13] the complaint must allege "sufficient factual matter" to show that the claim

---

[8]  *Id*.
[9]  S*ee* 28 U.S.C. § 1915(e)(2)(B)
[10]  *See* 28 U.S.C. § 1915A(b)
[11]  *See* 42 U.S.C. § 1997e.
[12]  556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[13]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir.2012) (*per curiam*) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1));

is facially plausible.[14]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[16]

## IV. DISCUSSION

Plaintiff's complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.[17]

Moreover, it is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit.[18]  Similarly, neither a prison nor a department within a

---

*Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008) (discussing 28 U.S.C. § 1915A(b)).

[14] *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (citation omitted).

[15] *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n. 17 (3d Cir.2012) (quoting *Iqbal*, 556 U.S. at 678).

[16] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted).

[17] *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

[18] *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991).

prison is a person subject to suit under § 1983.[19] The Pennsylvania Department of Corrections and SCI-Dallas are not persons within the meaning of 42 U.S.C. § 1983.[20] Thus, they are entitled to dismissal.

As to his request for a transfer, the United States Supreme Court has held that an inmate has no inherent constitutional right to be confined at any particular facility, whether it be inside the state of conviction, or outside that state.[21] The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."[22] . Moreover, the Pennsylvania code clearly states that an inmate does not have a right to be housed in a particular facility.[23] The Court has no authority to dictate Plaintiffs housing assignment or prison classification. These determinations are made by prison authorities as part of the administration of the prison. Therefore, for the above reasons, the Court will dismiss Plaintiff's request for transfer as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

---

[19] *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).
[20] *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision).
[21] *Olim v. Wakinekona,* 461 U.S. 238, 251, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Jerry v. Williamson,* 211 Fed. App'x 110, 112 (3d Cir.2006).
[22] *Meachum*, 427 U.S. at 225.
[23] 37 Pa.Code § 93.11(a).

## V. CONCLUSION

For the foregoing reasons, this Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as it fails to raise a cognizable claim for relief. The Court finds amendment futile since the named Defendants are not persons within the meaning of 42 U.S.C. § 1983 and Plaintiff's claim for a transfer is legally frivolous.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge